OPINION
Defendant-appellant, Kenneth C. Osborne, appeals from the judgment of the Seneca County Court of Common Pleas adjudicating him a sexual predator.
Following a jury trial, defendant was convicted of murder, kidnapping, rape and attempted rape. All offenses arose on the same date, November 29, 1986. The trial court found that the rape and attempted rape charges constituted allied offenses of similar import. Accordingly, the trial court sentenced defendant to prison terms of fifteen years to life on the murder conviction, and to concurrent terms of eight actual to fifteen years on the kidnapping conviction and ten to twenty-five years on the rape conviction, both to be served consecutively to the murder sentence. In a nunc pro tunc entry filed October 4, 1999, the trial court adjudicated defendant to be a sexual predator pursuant to R.C. Chapter 2950. Defendant now appeals from that judgment and asserts the following two assignments of error:
 The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that the appellant is likely to engage in the future in one or more sexually oriented offenses.
 The decision of the trial court finding the defendant-appellant a sexual predator is unreliable and is undermined by ineffective assistance of counsel.
 However, upon review of the record, res judicata is an issue that we must address before even considering defendant's assignments of error. The record shows that sexual offender classification proceedings were first commenced against this defendant on May 7, 1997. On May 12, 1997, defendant filed a motion to dismiss based upon constitutional challenges to the "sexual predator" law. On May 28, 1997, the trial court entered a judgment entry finding the provisions of R.C. 2950 violate the Ex Post Facto and Retroactivity clauses of the Ohio and the United States Constitutions. On June 30, 1997, the trial court issued findings of fact and conclusions of law in support of its decision and granted the defendant's motion to dismiss. The State then appealed and we affirmed the trial court's decision on the authority of this court's decision in State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, 1997 WL 452014. The State did not appeal our judgment to the Ohio Supreme Court. Subsequently, the Ohio Supreme Court reversed this court's Cook decision, based in part on the rationale that sexual offender classification proceedings are essentially nonpunitive and civil in nature. See State v. Cook (1998), 83 Ohio St.3d 404, 414-23.
On June 14, 1999, the trial court entered a new order determining that a sexual predator classification hearing be held on August 19, 1999. The hearing was continued until September 28, 1999, at which time the trial court adjudicated defendant to be a sexual predator.
As this court recognized in State v. Dick (Mar. 31, 2000), Seneca App. No. 13-99-51, unreported, res judicata bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, whether or not that particular claim was litigated, so long as there has been a valid, final judgment rendered upon the merits. In Dick, we held that the trial court's dismissal order was a valid, final judgment on the merits of defendant's sexual offender status under R.C. Chapter 2950, and that the sexual offender classification proceedings subsequently commenced were barred by the doctrine of res judicata. In addition, this court in State v. Banks (Apr. 19, 2000), Seneca App. No. 13-99-60, unreported, reached a conclusion comporting with the holding in Dick that the sexual offender classification proceedings were barred by the doctrine of res judicata after the trial court entered a valid, final judgment declaring the sexual predator statute unconstitutional as applied to the defendant and our decision affirming the trial court. Based on Dick and Banks, we therefore conclude that the doctrine of res judicata barred the sexual offender classification proceedings commenced on June 14, 1999.
Accordingly, defendant's two assignments of error are rendered moot pursuant to App.R. 12(A)(1)(c), and the judgment of the Seneca County Court of Common Pleas is reversed and remanded with instructions to vacate its October 4, 1999 judgment adjudicating defendant a sexual predator and to dismiss the instant case.
Judgment reversed and cause Remanded.
 ______________________________ SHAW, PRESIDING JUDGE
 BRYANT and WALTERS, JJ., concur.